# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION
## CRIMINAL NO. 1:23-CR-0071

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Bobby Knight enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (C) of the Federal Rules of Criminal Procedure. Bobby Knight, Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to the sole count thereof.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent, and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on her own behalf and present evidence in his defense, and he

could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel her to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.    ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to the Sole Count of the Information – Conspiracy to Possess Cocaine and Methamphetamine with Intent to Distribute [21 U.S.C. §§ 841(a) and 841(b)(1)(C)]**

    a.  Maximum term of imprisonment: 20 years

    b.  Mandatory minimum term of imprisonment: none

    c.  Term of supervised release: 3 year(s) to Life.

    d.  Maximum fine: $10,000,000, due and payable immediately.

    e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

    f.  Mandatory special assessment: $100.00, due and payable immediately.

    g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if

he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### IV.    PLEA AGREEMENT

10. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

11. The United States Attorney for the Northern District of Georgia agrees to dismiss the charges against the Defendant contained in *United States v. Bobby Knight*, 1:22-CR-0092 at the time of sentencing in this case. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## No Additional Charges

12. Other than as provided in this Guilty Plea and Plea Agreement, the United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Binding Sentencing Recommendation

13. This plea is entered under the specific provisions of Rules 11(c)(1)(A) & (C) of the Federal Rules of Criminal Procedure. As a product of negotiation between the parties, the Defendant and the Government expressly recommend that:

    a.  if the Defendant successfully completes the ATL Court, the Government agrees to recommend that the Court should impose a sentence of three years' probation subject to conditions to be fixed by the Court, no fine, and a $100 special assessment.

    b.  if the Defendant does not successfully complete the ATL Court but has otherwise demonstrated acceptance of responsibility, the Defendant and the Government agree that except as set forth in paragraph 18 below, the Defendant and the Government have no agreement as to the applicable Sentencing Guidelines factors, any departures or variances from the applicable Sentencing Guidelines range, or the appropriate sentence; and both the Defendant and the Government will have the right to argue for any sentence within the

5

applicable statutory maximum and the statutory mandatory
minimum (if applicable).

14. Under the provisions of Federal Rule of Criminal Procedure 11(c)(1)(C), if
the Court accepts this Plea Agreement, this recommendation would bind the
Court to impose the particular sentence of three years' probation contemplated if
the Defendant completes the ATL Court. If the Defendant completes the ATL
Court but the Court does not accept this Plea Agreement as binding on the
parties and the Court, the Government and the Defendant agree that the Court
shall permit the Defendant to withdraw his guilty plea pursuant to Federal Rule
of Criminal Procedure 11(c)(5)(B). If the Defendant does not successfully
complete the ATL Court, then the Defendant will not be able to withdraw his
guilty plea, and the parties will be able to argue for any sentence within the
applicable statutory maximum and the statutory mandatory minimum (if
applicable) under the Information in this case. To be clear and for avoidance of
doubt, if the Defendant does not successfully complete the ATL Court, he will
not be able to withdraw his guilty plea, and he may be sentenced by the Court
up to and including the statutory maximum sentences authorized under 21
U.S.C. §§ 846 and 841(b)(1)(C), as set forth in paragraph 7 above. In all
circumstances, the Court will impose a $100 special assessment, may impose a
fine and, if the Court sentences the Defendant to a term of incarceration, will
impose a term of supervised release.

## Defendant's Obligations

15. Defendant agrees to:

   a. Participate in the ATL Court, pursuant to the terms set forth in the Contract for Participation in the ATL Court attached as Exhibit A;

   b. At the earliest opportunity requested by the Government and provided by the Court, appear and plead guilty to the sole count of the Information;

   c. Appear for all court appearances, including all ATL Court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   d. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines § 4A1.2(c) are not within the scope of this agreement;

   e. Be truthful at all times with the United States Probation Office and the Court;

   f. Not contest facts agreed to in this agreement;

   g. Abide by all agreements regarding sentencing contained in this agreement;

   h. Affirmatively recommend to the Court that it impose sentence in accordance with paragraph 13(a) of this agreement, if defendant successfully completes the ATL Court; and

   i. Pay the applicable special assessment(s) at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

7

## The Government's Obligations

16. The Government agrees to:

    a. Consent to defendant's participation in the ATL Court, pursuant to the terms set forth in the Contract for Participation in the ATL Court attached as Exhibit A;

    b. Not contest facts agreed to in this agreement;

    c. Abide by all agreements regarding sentencing contained in this agreement;

    d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, as set forth further below in paragraph 19;

    e. If defendant successfully completes the ATL Court, affirmatively recommend to the Court that it impose sentence in accordance with paragraph 13(a) of this agreement; and

    f. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

## Sentencing Guidelines Recommendations

17. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Base/Adjusted Offense Level**

18. The Government agrees to recommend and the Defendant agrees that:

    a. The applicable offense guideline is Section 2D1.1.

8

b.  The criminal activity undertaken by the Defendant involved 11
kilograms of cocaine and 4 kilograms of actual methamphetamine,
which was reasonably foreseeable to the Defendant.

**Acceptance of Responsibility**

19. The Government will recommend that the Defendant receive an offense
level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to
the maximum extent authorized by the guideline. However, the Government will
not be required to recommend acceptance of responsibility if, after entering this
Plea Agreement, the Defendant engages in conduct inconsistent with accepting
responsibility. Thus, by way of example only, should the Defendant falsely deny
or falsely attempt to minimize the Defendant's involvement in relevant offense
conduct, give conflicting statements about the Defendant's involvement, fail to
pay the special assessment, fail to meet any of the obligations set forth in the
Financial Cooperation Provisions set forth below, or participate in additional
criminal conduct, including unlawful personal use of a controlled substance, the
Government will not be required to recommend acceptance of responsibility.

<u>**Right to Answer Questions, Correct Misstatements,
and Make Recommendations**</u>

20. The parties reserve the right to inform the Court and the Probation Office
of all facts and circumstances regarding the Defendant and this case, and to
respond to any questions from the Court and the Probation Office and to any
misstatements of fact or law. Except as expressly stated elsewhere in this Plea
Agreement, the parties also reserve the right to make recommendations

9

regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

**Right to Modify Recommendations**

21. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

**Sentencing Recommendations**

**Specific Sentence Recommendation**

22. As set forth above in paragraph 13(a), if the Defendant completes the ATL Court, the Government agrees and the Defendant agrees to recommend that the Defendant be sentenced to three years' probation. If the Defendant does not complete the ATL Court, the parties may each argue for any sentence within the applicable statutory maximum.

10

**Fine--No Recommendation as to Amount**

23. The Government agrees to recommend $0 as the amount of the fine to be imposed on the Defendant.

**Restitution**

24. The Defendant agrees to pay full restitution, plus applicable interest, to the Clerk of Court for distribution to all victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

<u>**Financial Cooperation Provisions**</u>

**Special Assessment**

25. The Defendant agrees that he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, by the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

26. The Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to

11

the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

27. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

28. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

29. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

30. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived

in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

### Binding Sentence is Reasonable

31. The parties agree that if the Defendant completes the ATL Court, there is no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the terms of the binding sentencing agreement in this case. The parties also concur that, if the Defendant completes the ATL Court, the agreed-upon binding sentence set forth in this Plea Agreement is reasonable pursuant to the factors outlined at Title 18, United States Code, Section 3553(a).

## Limited Waiver of Appeal

32. The Defendant understands that by entering into this agreement, the Defendant is agreeing to the following Limited Waiver of Appeal. To be clear and for avoidance of doubt, the Limited Waiver of Appeal in this plea agreement applies to this case whether or not the defendant successfully completes the ATL Court.

33. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of a sentence above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

34. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the

15

Freedom of Information Act, Title 5, United States Code, Section 552, or the

Privacy Act of 1974, Title 5, United States Code, Section 552a.

<u>**No Other Agreements**</u>

35. There are no other agreements, promises, representations, or

understandings between the Defendant and the Government.

In Open Court this 24th day of ~~February~~, 2023.

_____     _____
SIGNATURE (Defendant's Attorney)     SIGNATURE (Defendant)
Jay Shreenath     Bobby Knight


_____
SIGNATURE
Mary L. Webb


_____
SIGNATURE (Approving Official)
Nathan P. Kitchens


16

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____       4/12/2023
SIGNATURE (Defendant)                  DATE
Bobby Knight

I am Bobby Knight's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____     _____4/12/2023_____
SIGNATURE (Defendant's Attorney)     DATE
Jay Shreenath
629894____State Bar of Georgia Number

Filed in Open Court

This ___ day of _____, 20__

By _____

18

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | |
| DEFENDANT'S NAME: | BOBBY KNIGHT |
| PAY THIS AMOUNT: | $100 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive SW
   Atlanta, Georgia 30303
   (Do Not Send Cash)
4. Include the defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.

# Exhibit A



**Accountability, Treatment, and Leadership (ATL) Court**

**CONTRACT FOR PARTICIPATION**

Name:                Bobby Knight_____

Docket Number:       1:22-CR-0092 &  1:23-cr-0071_____

Offense(s):          Conspiracy to Possess With Intent to Distribute Cocaine and

**INTRODUCTION**                    Methamphetamine

You are participating in the Accountability, Treatment, and Leadership (ATL) Court. Participation is entirely voluntary, but it will require you to enter a guilty plea to one or more of the criminal charges currently pending against you in the case referenced above. The Court will need to make a final determination as to whether to accept your guilty plea and plea agreement before you can begin participation in the ATL Court. If the Court accepts your guilty plea and plea agreement, and you thereafter successfully complete all of the ATL Court activities, then (as specified in the plea agreement pursuant to which you enter your guilty plea(s)):

- ☐ those guilty plea(s) will be vacated and the criminal charge(s) against you in the case referenced above will be dismissed with prejudice;

- ☐ guilty plea(s) to the felony charge(s) will be vacated, the felony charge(s) against you will be dismissed with prejudice, you will enter a guilty plea to misdemeanor charge(s), and you will receive a sentence for those misdemeanor charge(s) that does not include a term of imprisonment; or

- ☒ those guilty plea(s) to felony charge(s) will remain as previously entered, you will be convicted of the felony charge(s), and you will receive a sentence for those charge(s) that does not include a term of imprisonment.

**ATL COURT BASICS**

Your participation will last at least 12 months but no more than 24 months. Your case will be transferred to an ATL Judge before whom you will enter a guilty plea pursuant to a plea agreement with the United States Attorney's Office for the Northern District of Georgia (USAO). If the ATL Judge accepts your guilty plea and plea agreement, it will constitute final approval for your entry into the ATL Court which will include a period of supervision by an ATL Court probation officer (USPO). You will continue to be represented by an attorney during the program and through the conclusion of your criminal case. If, for some reason, you need a different attorney at any point during the program or before the end of your case,

you may raise that issue with the ATL Judges, and they will hold a hearing with you and your current attorney regarding that issue. You must continue to comply with the order setting conditions of your release. You will undergo various evaluations, if deemed necessary by the USPO, to include, but not limited to, substance abuse and mental health. You will participate in any and all treatment and testing recommended by the USPO. In addition to the requirements of actively engaging in any treatment and testing for substance abuse issues, you are also required to participate in programs designed to address the underlying causes of criminal activity. The USPO may periodically contact collateral individuals to verify information provided by you.

You will be in Phase I for a minimum of 6 months but not to exceed 12 months. If you fail to advance to Phase II within 12 months, or if you fail to achieve the requirements of Phase II within 12 months of entering that phase, you will be terminated from the ATL Court and will proceed to sentencing before an ATL Judge on the felony charges to which you entered a guilty plea.

An Assistant United States Attorney (AUSA) will be assigned to the ATL Court, as well as a staff attorney from the Federal Defender Program, Inc. (FDP). Both the FDP staff attorney and AUSA will work with the USPO to provide additional support and encouragement to you for your success in the ATL Court. Members of the ATL Court Team will include the ATL Judges, USPOs, FDP staff (including attorneys), USAO staff (including AUSAs), and any research partner evaluating the ATL Court. In order to receive the benefit set out in the plea agreement, you must comply with the requirements of this contract and all of the expectations and requirements of the ATL Court Participant Handbook.

## ATL COURT APPEARANCES

At least once per month, at a time to be determined, you will be required to appear before an ATL Judge to evaluate your progress. The USPO, FDP attorney, and AUSA will be present, as well as possibly treatment and/or other program providers. Progress reports from the USPO will be provided to an ATL Judge, the FDP attorney, and the AUSA prior to each ATL Court appearance. Those reports will describe both successes and problems you have experienced.

## ATL COURT TREATMENT AND COUNSELING PROGRAMS

An important part of the ATL Court will be your participation in substance abuse treatment, mental health treatment, counseling programs, and/or other programs addressing the underlying causes of criminal activity, as determined necessary by the USPO and the other members of the ATL Court Team. You understand the USPO will be expected to share information regarding your participation and progress in any treatment and/or counseling programs with all of the members of the ATL Court Team. Treatment and other program providers may also be present at ATL Court appearances and will be expected to discuss your participation and progress with all of the members of the ATL Court Team. To enable treatment and other program providers to freely share information regarding your participation and progress in substance abuse treatment, counseling, and other programs, by signing this contract you knowingly and voluntarily waive your right to confidentiality with those treatment providers.

## LIMITED USE OF STATEMENTS MADE DURING PROGRAM APPEARANCES

Another important part of the ATL Court is your complete honesty during your ATL Court appearances. You understand that statements you make during the ATL Court sessions may be considered by an ATL Judge when imposing sentence on you after successful completion of the ATL Court or after unsuccessful termination from the program. To encourage your honesty, the USAO has agreed as follows:

(A)     Except as otherwise provided in subparagraph (C) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer, in evidence in its case-in-chief, any statements you make or any documents or other information you provide during your ATL Court appearances (collectively ATL Court statements). This applies to statements you make or documents you provide after your guilty plea has been entered and accepted. It does not apply to statements you make during the entry of your guilty plea.

(B)     ATL Court statements will not be used in determining the applicable guideline range at sentencing.

(C)     Notwithstanding the USAO's agreement set forth in subparagraphs (A) and (B) above, the USAO may use:

(i)     information derived directly or indirectly from ATL Court statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and

(ii)     ATL Court statements and all evidence obtained directly or indirectly from ATL Court statements for the purpose of cross-examination should you testify, or to refute or counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

The USAO's agreement in subparagraph (A) above is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. If the USAO receives a request from another prosecutor's office for access to information contained in your ATL Court statements, the USAO will only furnish that information on the condition that the requesting office honor the provisions of this portion of the Contract for Participation regarding the Limited Use of Statements Made During Program Appearances. Moreover, the USAO's agreement in subparagraph (A) above is limited to ATL Court statements and does not apply to any statements made or documents or other information provided by you at any other time, whether oral, written, or recorded, or to the statements made in the plea agreement and during the guilty plea hearing.

## ATL COURT SUPERVISION VIOLATIONS AND SANCTIONS

ATL Court supervision violations and sanctions will ordinarily be addressed on the regularly scheduled ATL Court calendar. The ATL Judges, however, can schedule an appearance at any time. Sanctions and modifications regarding treatment and other programs may also be handled on an expedited basis with the consent of the parties and the ATL Judges.

If a progress report contains an allegation of non-compliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pretrial supervision when they are accused of violating supervision. If you do so, there will be no hearing on whether the allegation is true, and an ATL Judge will decide whether a sanction is appropriate. As noted above, non-compliance may be handled on an expedited basis outside the presence of the ATL Judges if all parties agree.

Non-compliance with the conditions of the ATL Court may result in sanctions. The range of possible sanctions has been drafted broadly to assure some level of sanction is available for every type of violation. Factors that will influence the type of sanction employed include: the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation or between violations. In addition, an important factor will be whether you voluntarily disclose the violation. Dishonesty on your part will result in enhanced sanctions. Depending on these factors, any of the sanctions listed below—including termination from the ATL Court—is available. Where there are repeat violations, more serious sanctions will be applied. If appropriate, sanctions may be ordered more than once during the course of the ATL Court.

Sanctions may include, but are not limited to:

- Verbal reprimand or warning delivered by the judge in open ATL Court proceedings
- Enhanced counseling sessions (including inpatient treatment, if appropriate)
- Enhanced drug testing
- Order to complete community service
- Order to submit a written assignment (for example, write out an explanation for your non-compliant behavior and describe a plan to correct it)
- Curfew restriction for up to 30 days
- Order to complete a term of home confinement (with conditions that may include participation in the location monitoring program)
- Dropping from Phase II to Phase I of the ATL Court
- Order to complete a term of up to 30 days at a residential re-entry center
- Order to spend up to 7 days in jail
- Termination from the ATL Court

If you admit to the violation, you may be able to complete the sanction and remain in the ATL Court. When expedited action is appropriate and both the ATL Court Team and participant agrees, a sanction or adjustment in treatment can be imposed through a modification without an appearance before an ATL Judge. The USPO's report at the next ATL Court appearance will inform the ATL Judge whether you properly completed the sanction ordered at the last appearance. Failure to complete ordered sanctions may result in additional sanctions or termination from the ATL Court program.

If you wish to contest the violation allegation, you may do so, and your attorney will assist you in doing so. The ATL Court AUSA will handle all contested hearings in the ATL Court and an ATL Judge will ultimately decide whether the allegation is true. Bear in mind, however, that if the ATL Judge considers your objection to be frivolous, he or she may take that into consideration when imposing sanctions.

It is important to note the USPO need not wait until your scheduled program appearance to address problems in supervision. If you fail to abide by directions of the USPO, or if the USPO believes you have committed a violation of your supervision, the USPO has discretion to address the violation with you directly or wait to raise the matter at the next ATL Court appearance. The USPO alone can impose adjustments such as daily reporting, increased community visits, enhanced drug testing or counseling (including inpatient treatment), or non-sanction based written assignments. If necessary, the USPO is able to ask an ATL Judge to issue a warrant for your arrest.

**TERMINATION FROM THE ATL COURT**

You may be involuntarily terminated from the ATL Court if you violate the terms of the ATL Court. Such violations include *but are not limited to*: failing to attend ATL Court, failing to participate actively in the ATL Court, engaging in repeated drug use, and committing a new criminal offense. Final decisions regarding involuntary termination will be made by the ATL Judges. The decision to terminate you from the ATL Court is not appealable. If you are involuntarily terminated from the ATL Court, you will return to regular pretrial supervision and your case will be set for sentencing before the ATL Judges. The ATL Judges will order a presentence report to be completed by the U.S. Probation Office in preparation for sentencing. In imposing sentence, an ATL Judge will not have to provide the benefits that successful completion of the ATL Court would have afforded you. *The only way you are guaranteed that benefit is by successfully completing the ATL Court program activities.*

You may also voluntarily discontinue your participation in the program at any time. If you voluntarily discontinue, you will return to regular pretrial supervision, and your case will be set for sentencing before an ATL Judge. A presentence report will be ordered and completed by the U.S. Probation Office in preparation for sentencing. In imposing sentence, the ATL Judge is not required to give you the benefit set out in the plea agreement. The only way you are guaranteed that benefit is by successfully completing the ATL Court program activities.

Whether your termination from the ATL Court is voluntary or involuntary, the ATL Judges can consider all conduct that took place during your participation in the ATL Court, including successes, failures, and sanctions when imposing a sentence. Termination from the ATL Court (whether such termination is voluntary or involuntary) will not be a basis for you to withdraw your guilty plea.

**COMPLETION OF THE ATL COURT**

If you are determined to have a substance abuse problem, you must demonstrate at least six months of continuous sobriety in order to successfully complete the program.

The ATL Judges and other members of the ATL Court Team will determine when you have successfully completed the program, and when that occurs, you will receive the benefits specified in your plea agreement, as set forth on page 1 of this contract.

**TRACKING RESULTS FOR THREE YEARS**

Successful participants agree to keep their personal contact information updated and accurate with the U.S. Probation Office for three years after successfully completing the ATL Court for the purposes of tracking their success. Participants agree that during the three-year period after successful completion of the program, researchers and/or the U.S. Probation Office may run record checks on them solely for purposes of tracking the success of the ATL Court.

**AGREEMENT TO PARTICIPATE**

Participant:

I, __BOBBY KNIGHT_____, have read, or someone has read to me in the language I best understand, this contract. I have discussed this contract with my attorney and I understand its terms. I have also discussed with my attorney the ATL Court program details, and I understand how the program works. I voluntarily agree to participate in the ATL Court subject to the terms set forth in this contract. I understand I can revoke my voluntary participation in the ATL Court at any time and that, if I do, my criminal case will be set for sentencing before an ATL Judge without any obligation to provide me the benefits of successful completion of the ATL Court. I also understand that I can be involuntarily terminated from the ATL Court for committing violations including for violating the order setting conditions of release. I hereby waive any right to appeal any decision made to terminate my participation for any reason.

_____     2-24-2023
Signature                                                    Date

Bobby Knight
_____
Printed Name

_____     2/24/2023
Attorney of Record                                     Date

JAY SHREENATH
_____
Printed Name

Participant's Attorney:

I, Jay Shreenath, Participant's Attorney have discussed the ATL Court and this contract with the participant and the participant's attorney in the underlying criminal matter. I believe that the participant understands the ATL Court and the terms of this contract, and that the participant's agreement to participate in the ATL Court subject to the terms of this contract is knowingly and voluntarily made.

_____     2/24/2023
Participant Attorney: JAY SHREENATH     Date

ATL Court Assistant United States Attorney:

I, _Mary L. Webb_____, the Assistant United States Attorney representing the United States Attorney's Office for the Northern District of Georgia in the ATL Court, agree to the terms of this contract on behalf of the USAO and accept the above-named participant into the ATL Court subject to the terms of this contract.

_____          February 23, 2023_____
ATL Court AUSA:  _Mary L. Webb_____          Date


ATL Court U.S. Probation Officer:

I, _Mary S. Waggoner_____ the Probation Officer assigned to the ATL Court, accept the above-named participant into the ATL Court subject to the terms of this contract.

_____          2/24/2023_____
ATL Court PO _Mary S. Waggoner_          Date